UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CARL ANTHONY KNIGHT, JR.,**

                      Plaintiff,

        v.                                    9:24-CV-0497
                                                       (FJS/TWD)

**A. DOTY, et al.,**

                      Defendants.
_____

**APPEARANCES:**

**CARL ANTHONY KNIGHT, JR.**
**23-B-1583**
Plaintiff, pro se
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

| | |
|---|---|
| **HON. LETITIA JAMES**<br>New York State Attorney General<br>Attorney for Defendant<br>The Capitol<br>Albany, NY 12224 | MICHAEL J. WHALEN, ESQ.<br>Ass't Attorney General |

**FREDERICK J. SCULLIN**
**Senior United States District Judge**

1

**DECISION and ORDER**

**I.      INTRODUCTION**

Pro se Plaintiff Carl Anthony Knight, Jr. commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").

By Decision and Order entered on May 1, 2024, this Court granted Plaintiff's IFP Application and, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed each of Plaintiff's claims against the "Doe" defendants and found that Plaintiff's Eighth Amendment excessive force claim and Fourteenth Amendment equal protection claim against Defendant Doty survived sua sponte review and required a response.  Dkt. No. 5 ("May 2024 Order").

Following the completion of service, counsel for Defendant Doty filed an answer to the complaint and a Mandatory Pretrial Discovery and Scheduling Order was issued.  Dkt. No. 18 ("Answer"); Dkt. No. 19 ("Scheduling Order").  Less than six weeks later, Plaintiff filed a motion to amend the complaint, together with a proposed amended complaint.  Dkt. No. 22 ("First Motion to Amend"); Dkt. No. 22-1 ("Prop. Am. Compl.").

By Decision and Order entered on September 17, 2024, the Court granted the First Motion to Amend in part, denied it in part, and found that the following claims remain in this action: (1) Plaintiff's Eighth Amendment excessive force claims against Defendants Doty and

John Doe #1; (2) Plaintiff's Eighth Amendment failure-to-intervene claim against Defendant John Doe #1; and (3) Plaintiff's Fourteenth Amendment equal protection claim against Defendant Doty.  Dkt. No. 28 ("September 2024 Order").  Thereafter, counsel for Defendant Doty answered the amended complaint.  Dkt. No. 33.

After the parties proceeded with discovery, Plaintiff filed a motion to amend the amended complaint, together with a proposed second amended complaint.  Dkt. No. 53 ("Second Motion to Amend"); Dkt. No. 53-1 ("Prop. SAC").  By Decision and Order entered on May 5, 2025, the Court granted the Second Motion to Amend in part and denied it in part, accepted the proposed second amended complaint as the operative pleading, ordered the Clerk to reinstate SORC Dignean and Counselor Bonanza as defendants, and found that the following claims remain in this action: (1) Plaintiff's Eighth Amendment excessive force claims against Defendants Doty and John Doe #1; (2) Plaintiff's Eighth Amendment failure-to-intervene claim against Defendant John Doe #1; (3) Plaintiff's Fourteenth Amendment disciplinary due process claims against Defendants Doty, SORC Dignean, and Counselor Bonanza; and (4) Plaintiff's Fourteenth Amendment equal protection claim against Defendant Doty.  *See generally*, Dkt. No. 60 ("May 2025 Order").  The Court also ordered counsel for Defendant Doty to produce, within thirty (30) days, any documents that may assist Plaintiff with identifying Defendant John Doe #1 and to notify the Court when this material is served.  *Id*. at 21-23.

On May 30, 2025, counsel for Defendant Doty filed a status report regarding the potential identity of Defendant John Doe #1.  Dkt. No. 65 ("Status Report").

Presently before the Court is Plaintiff's third amended complaint.  Dkt. No. 70 ("TAC").[1]

## II.     SUFFICIENCY OF THE THIRD AMENDED COMPLAINT

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, the Court must review his third amended complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The Court discussed the legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) at length in its May 2024 Order and will not restate that legal standard in this Decision and Order.  *See* May 2024 Order at 3-5.

Plaintiff's third amended complaint is identical to the second amended complaint, except that Plaintiff has now identified Corrections Officer John Doe #1 as Travis Grey and increased his request for monetary relief.  *Compare* Dkt. No. 61 *with* Dkt. No. 70.

In light of the May 2024 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that the following claims survive sua sponte review and require a response: (1) Plaintiff's Eighth Amendment excessive force claims against Defendants Doty

---

[1] Plaintiff has also filed an appeal of a Text Order that the Honorable Therese Wiley Dancks issued on May 5, 2025.  *See* Dkt. No. 66.  The Court will address Plaintiff's appeal separately in due course.

and Corrections Officer Grey;[2] (2) Plaintiff's Eighth Amendment failure-to-intervene claim against Defendant Grey; (3) Plaintiff's Fourteenth Amendment disciplinary due process claims against Defendants Doty, SORC Dignean, and Counselor Bonanza; and (4) Plaintiff's Fourteenth Amendment equal protection claim against Defendant Doty.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[3]

### III.     CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that the third amended complaint (Dkt. No. 70) is accepted for filing and will supersede and replace the second amended complaint as the operative pleading; and the Court further

**ORDERS** that the Clerk shall update the docket to add Corrections Officer Travis Grey as a party in place of Corrections Officer John Doe #1; and the Court further

---

[2] The Clerk is directed to substitute Travis Grey for John Doe #1.

[3] This Court previously denied Plaintiff's Second Motion to Amend to include claims under the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq. ("Rehabilitation Act"), Section 1983 official capacity claims, and an Eighth Amendment medical indifference claim against Counselor Bonanza on futility grounds.  *See generally*, May 2025 Order.  Because the third amended complaint is identical to the second amended complaint, with the exception of a party name and request for relief, and the Court only granted Plaintiff leave to amend to properly identify Defendant John Doe #1, the aforementioned claims are dismissed for the reasons set forth in the May 2025 Order insofar as the third amended complaint may be construed to reassert them.

5

**ORDERS** that the following claims **SURVIVE sua sponte review** and require a response: (1) Plaintiff's Eighth Amendment excessive force claims against Defendants Doty and Grey; (2) Plaintiff's Eighth Amendment failure-to-intervene claim against Defendant Grey; (3) Plaintiff's Fourteenth Amendment disciplinary due process claims against Defendants Doty, SORC Dignean, and Counselor Bonanza; and (4) Plaintiff's Fourteenth Amendment equal protection claim against Defendant Doty; and the Court further

**ORDERS** that Plaintiff's official capacity claims for money damages are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted;[4] and the Court further

**ORDERS** that all remaining claims are **DISMISSED without prejudice and without leave to renew** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, as set forth above and in the May 2025 Order; and the Court further

**ORDERS** that the Clerk shall reissue summonses for personal service on Counselor Bonanza and SORC Dignean, issue a summons for service on Corrections Officer Grey, and

---

[4] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 F. App'x 77, 78 (2d Cir. 2011). Because the Eleventh Amendment bars these claims, leave to amend to would be futile.

6

forward these documents, along with three copies of the third amended complaint, to the United States Marshal for service upon Defendants Bonanza, Dignean, and Grey; and the Court further

**ORDERS** that, upon the completion of service, a response to Plaintiff's third amended complaint be filed by Defendants Doty, Bonanza, Dignean, and Grey, or their counsel, as provided for in the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that the discovery and dispositive motion deadlines shall be reset following the completion of service on Defendants Doty, Bonanza, Dignean, and Grey; and the Court further

**ORDERS** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: June 26, 2025
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge